No. 12-507

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

IN RE SOUTHEASTERN MILK ANTITRUST LITIGATION

SWEETWATER VALLEY FARM, INC., ET AL,
INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY
SITUATED,

*Plaintiffs-Respondents*,

v.

DAIRY FARMERS OF AMERICA, INC., DAIRY MARKETING
SERVICES, LLC, MID-AM CAPITAL, LLC, NATIONAL DAIRY
HOLDINGS, L.P., AND GARY HANMAN,

*Defendants-Petitioners.*

_____

Appeal from the United States District Court
for the Eastern District of Tennessee
Civil Action Nos. 2:07-CV-208 & 2:08-MD-1000
Honorable J. Ronnie Greer, Presiding

_____

## PETITIONERS' SUPPLEMENT TO THEIR RULE 23(f) PETITION
## TO ADDRESS THE DISTRICT COURT'S
## SUPPLEMENTAL MEMORANDUM OPINION

_____

JOHN B. NALBANDIAN
**TAFT STETTINIUS & HOLLISTER LLP**
425 Walnut Street, Suite 1800
Cincinnati, OH 45202
(513) 381-2838

STEVEN R. KUNEY
**WILLIAMS & CONNOLLY LLP**
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Defendants Dairy Farmers of America, Inc.,*
*Dairy Marketing Services, LLC and Mid-Am Capital, LLC*

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W.
Suite 300
Washington, D.C.  20037
Tel:  (202) 663-7820
tmiller@bakerandmiller.com

*Counsel for Defendants Dairy Farmers
of America, Dairy Marketing Services
and Mid-Am Capital, LLC*

Jerry L. Beane
Kay Lynn Brumbaugh
ANDREWS KURTH LLP
1717 Main Street
Suite 3700
Dallas, TX  75201
Tel:  214-659-4400
jerrybeane@andrewskurth.com
kaylynnbrumbaugh@andrewskurth.com

*Counsel for Defendant National Dairy
Holdings, LP*

David E. Everson
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, MO  64106
Tel:  913-344-6750 (Crabtree)
Tel:  816-842-8600 (Everson)
dcrabtree@stinson.com

*Counsel for Defendant Gary Hanman*

On Friday, July 13, 2012, the district court issued a supplemental memorandum opinion further addressing its decision to recertify the DFA Member Subclass. *See* Supplemental Memorandum Opinion, *In re Southeastern Milk Antitrust Litig.*, No. 2:08-md-1000 (E.D. Tenn.), Dkt. # 1898 (hereafter, "Supplemental Opinion" or "Supp. Op.").

The stated purpose behind the district court's Supplemental Opinion was to "clarify[]" and "explain further its reasons for the [recertification] order" in light of Petitioners' Rule 23(f) petition, which the district court indicated it had reviewed.[1] Supp. Op. at 1. With respect to two of the issues raised in the Rule 23(f) petition— whether the court certified an improper "fail-safe" class and whether it applied the wrong legal standard—the district court acknowledges that it used "inartful language" and that, with respect to the burden of proof, its recitation of the applicable legal standard may have been "a misstatement of the current law." *Id.* at 3 & n.1. With respect to the third issue raised in the Rule 23(f) petition—the court's unexplained decision to reverse its prior finding, on essentially the same record, that many members of the DFA Member Subclass *benefited* from the conduct the would-be class representatives claim is harmful, and that *de*certification was therefore required—the district court says only that it

_____

[1] In an order dated June 18, 2012, the district court continued the trial to allow this Court time to consider and rule upon Defendants' Rule 23(f) petition.

"conducted the required rigorous analysis" before finding that Plaintiffs carried their burden of proof.  *Id.* at 4.  But if the recertification decision was based not on an erroneous "benefit of the doubt" standard but on a rigorous review of the evidence, that makes it all the more significant that the court makes no mention of the wealth of evidence that supported the earlier *de*certification opinion and that necessarily belonged in any "rigorous analysis" of the issues.  The Supplemental Opinion thus underscores that appellate review should be granted.

### 1.    The "fail-safe" class problem.

On the first question—whether the court certified a fail-safe class—the district court agrees that "such a class is improper."  Supp. Op. at 2.  It also acknowledges the language from its prior opinion that appeared, on its face, to create such a class by linking the Plaintiffs' possible failure to meet their burden of proof at trial with a post-trial decertification of the DFA Member Subclass:

> *If plaintiffs can prove at trial* that all members of the DFA subclass have been equally harmed by illegal acts committed by the defendants, the requirements of Rule 23(a)(4) are met.  On the other hand, *if plaintiffs cannot prove that at trial*, the Court is well aware of its continuing obligation to ensure that class certification requirements are met and *will not hesitate to decertify the subclass once again*.

*Id.* at 3 (emphasis added).  Now, the court asserts that, notwithstanding its earlier opinion, "a jury verdict in favor of the defendants will not change, in any way, the

Court's determination that the factual and legal prerequisites for certification of the subclasses have been met." *Id.* at 4.

Nothing in the district court's Supplemental Opinion explains what the court earlier meant when it stated that it "will not hesitate to decertify" the DFA Member Subclass if Plaintiffs do not prove common impact at trial. That language was the culmination of a multi-page discussion in which the court expressed its belief that the parties' "competing claims [about the interests of DFA farmers in the litigation] will not ultimately be resolved until after a trial of the case." R.002-004. The reference to potential post-trial decertification was the court's explanation of how it proposed to solve the dilemma posed by those competing claims—that is, by certifying the class now, and decertifying it again if Plaintiffs failed to meet their burden of proof at trial. R.005. While the Supplemental Opinion signals that the court is prepared to abandon that solution, it offers no new, ***valid*** solution to the original problem, and instead simply leaves an unexplained gap in the court's Rule 23 analysis.[2] Petitioners respectfully submit that a clarification of this sort reinforces the reasons for this Court to grant review.

---

[2] There were other instances in the recertification decision in which the court indicated its intention to address conflicts issues after trial. The court stated that conflicting interests within the DFA Member Subclass regarding the Plaintiffs' request for injunctive relief "is a matter the Court can deal with, if necessary, after a verdict for plaintiffs in the case." R.006. That stands in marked contrast to the court's prior *de*certification decision, in which the court rejected an approach that would "leav[e] the class intact until trial is complete and then tailor[] the relief,

### 2. The proper burden of proof under Rule 23.

The second issue raised in the Rule 23(f) petition concerned the standard by which the district court evaluated whether the DFA Member Subclass satisfied the requirements of Rule 23. In its earlier opinion, the court wrote that the question of adequacy of representation under Rule 23(a)(4) "presents a very close question . . ., however, doubts should generally be resolved in favor of the plaintiffs." R.004. After acknowledging that it had potentially misstated the applicable legal standard,[3] Supp. Op. at 3 n.1, the district court now states that, notwithstanding the language of its prior opinion, it "did not mean to suggest" that it had "giv[en] plaintiffs the benefit of the doubt on a close question." *Id.* at 4. In so doing, the court leaves unexplained what the language in its prior opinion meant, or how it impacted the court's determination that Plaintiffs had met their burden of proof.

Nor does the court explain the numerous references in its earlier opinion to deferring to the jury on various Rule 23 issues. For example, after the court recognized the sharp disagreement between the named Plaintiffs (who believe that

---

depending on the jury verdict, in an attempt to avoid the conflict among class members . . . ." R.0029-30. The district court does not explain why it changed its views, but its acknowledgement of the possible need to reconcile conflicting interests within the DFA Member Subclass after trial is a clear confirmation of the conflict that should have precluded certification.

[3] The district court describes its prior statement as "inartful," Supp. Op. at 3, although in a footnote, the court states that it is "not convinced" that its articulation of the burden of proof was incorrect. *Id.* at 3 n.1.

the conduct and policies of Defendant Dairy Farmers of America, Inc. harmed

them) and many other DFA members (who believe that DFA's conduct and policies

benefit them), it found that "[t]he most that can be said about these matters at this

point is that plaintiffs and defendants continue to make competing claims in the

litigation and these competing claims will not ultimately be resolved *until after a*

*trial of the case*." R.003 (emphasis added); *see also* R.005. The district court does

not explain the meaning of such statements, or how they square with the court's

insistence in the Supplemental Opinion that it followed the Supreme Court's

decision in *Wal-Mart Stores, Inc. v. Dukes*, which made clear that plaintiffs'

compliance with Rule 23 is not a matter to be deferred to the ultimate finder of

fact. 131 S. Ct. 2541, 2551-52 & n.6 (2011).

> **3.** **The failure of the district court's "rigorous analysis" to account for the evidence that earlier compelled *de*certification.**

The final issue raised in the Rule 23(f) petition was the district court's failure

to explain in 2012 how Plaintiffs *had* satisfied their burden of proof under Rule

23(a)(4), despite its finding less than a year earlier that Plaintiffs had *not* met their

burden because the evidence showed that many DFA members benefit from the

same conduct that the named Plaintiffs attack as harmful. The court's reference in

its Supplemental Opinion to having performed the rigorous analysis that Rule 23

requires, Supp. Op. at 4, highlights the court's omission of any reference to this

wealth of evidence, relied upon in its earlier *de*certification opinion, or to the lack of any significant change in the Plaintiffs' evidence since that earlier ruling.

In the Summer of 2011, the district court stated that it "should have refused to certify the DFA subclass" in the first place. *See* No. 2:08-md-1000 (E.D. Tenn.), Dkt. # 1831 (Tr. of Hrg. on Aug. 12, 2011), at 102-03. The court attributed that view to the "development of the record . . . and a better grasp of the issues in the case by [the court]," *id.*, including evidence that the court found "present[ed] a rather compelling case that the guaranteed market for milk assured by DFA supply agreements [which the Plaintiffs seek to have enjoined] and the financial benefits to DFA member dairy farmers from DFA investments and joint ventures [which the Plaintiffs seek to have divested] is beneficial to a large number of DFA member dairy farmers." R.032. Based on that evidence, the court found that the Plaintiffs had failed to carry their burden of proof under Rule 23(a)(4) and that conflicts of interest required decertification of the DFA Member Subclass. R.015; R.032.

Now, less than a year later, the district court *re*certified the same subclass despite identifying no material change in the record in Plaintiffs' favor. The only evidence cited by the court in its recertification decision was an excerpt from the Plaintiffs' two-year-old expert report by Dr. Rausser, R.004-005, which report had been in the record prior to the court's earlier decertification ruling, and was part of the submission Plaintiffs made in August 2011 that the court found insufficient to

meet their burden of proof.  *Compare* Motion to Reconsider, No. 2:08-md-1000 (E.D. Tenn.), Dkt. # 1716 (8/1/2011) at 6 (citing Dr. Rausser for proposition that all Plaintiffs suffered price suppression), *with* R.013 (Order denying motion to reconsider:  "[Plaintiffs] simply argue that defendants' conduct has resulted in a reduction in the mailbox price received by all farmers for their raw milk.  Even if that is accepted as true, they ignore that DFA members may have received corresponding value in some other way based on that farmer's proportional ownership interest in DFA").[4]

Critically, the court said *nothing* about the evidence that it had previously credited as the basis for its decertification decision.  This failure to discuss competent, contrary evidence stands in contrast to the court's statement that, notwithstanding the benefit-of-the-doubt language in its prior opinion, it conducted the required "rigorous analysis" under Rule 23 using the appropriate burden of proof.  The *essence* of the "rigorous analysis" required under Rule 23 is the consideration of *all of the evidence offered*, and an evaluation of the totality of that

---

[4]  Despite the district court's statement that "defendants' experts have not specifically taken issue with the conclusion reached by Dr. Rausser," R.005, Defendants and their experts have challenged the probity of that evidence on multiple occasions, including in an expert report submitted in opposition to the motion for recertification.  That report, unmentioned by the district court, *specifically responded to and rejected* the analysis cited by the court, concluding that the proper application of "Professor Rausser's damages methodology finds that the DFA class was *not* damaged at any point throughout the class period."  *See* No. 2:08-md-1000 (E.D. Tenn.), Dkt. # 1793-14 (Report of Joseph P. Kalt), at 2-3.

evidence in light of the Rule 23's requirements.  *See, e.g., In re Hydrogen Peroxide Antitrust Litig.*, 552 F.3d 305, 321 (3d Cir. 2009) ("[P]roper analysis under Rule 23 requires rigorous consideration of all the evidence and arguments offered by the parties"); *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417-18 (6th Cir. 2012) (approving a "rigorous analysis" because the district court "consider[ed] all of the relevant documents that were in evidence").  Any analysis that failed to account for what was, at an earlier stage, *dispositive* evidence of a conflict of interest, and that likewise failed to account for topical expert testimony submitted by Defendants, was not a "rigorous analysis" at all.

The district court's assurance that it "conducted the required rigorous analysis," Supp. Op. at 4, does not provide the requisite explanation as to *how* the court did so, and *how* it concluded that Plaintiffs have now met the proper burden of proof, given that essentially the same evidence had resulted in the opposite conclusion a year earlier.  That omission alone is grounds for reversal.  *See Reeb v. Ohio Dep't of Rehab. & Corr.*, 435 F.3d 639, 644-45 (6th Cir. 2006) (reversing certification because the district court, after being instructed to conduct a rigorous analysis on remand, "simply attempted to clarify its earlier order by issuing a new one with a new analysis . . . [that] failed to explicitly examine the named plaintiffs' claims . . ."); *Pipefitters Local 636 Ins. Fund v. BCBS of Mich.*, 654 F.3d 618, 629 (6th Cir. 2011) ("[S]atisfying Rule 23(a) requires something more than mere

repetition of the rule's language; there must be an adequate statement of the basic facts to indicate that each requirement of the rule is fulfilled") (quotation omitted).

*  *  *  *  *

In these circumstances, Petitioners respectfully submit that appellate review under Rule 23(f) is appropriate.  While a district court has discretion to change its mind, it must articulate a basis for doing so that is consistent with the applicable legal standards and the evidence before it.  The court's failure to do so here—in a decision that exposed these Defendants to over half a *billion* dollars in additional liability—constitutes an abuse of discretion that warrants appellate review.

Respectfully submitted,

By:  /s/ Steven R. Kuney
Steven R. Kuney
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC  20005
Tel:  (202) 434-5000
Fax:  (202) 434-5029
skuney@wc.com

John B. Nalbandian
TAFT STETTINIUS & HOLLISTER LLP
425 Walnut Street, Suite 1800
Cincinnati, Ohio 45202
Tel:  (513) 381-2838
Fax: (513) 381-0205
nalbandian@taftlaw.com

W. Todd Miller
BAKER & MILLER PLLC
2401 Pennsylvania Avenue, N.W.

9

Suite 300
Washington, D.C.  20037
Tel:  (202) 663-7820
tmiller@bakerandmiller.com

*Counsel for Defendants-Petitioners
Dairy Farmers of America, Inc., Dairy
Marketing Services, LLC, and Mid-Am
Capital, LLC*

 /s/ Kay Lynn Brumbaugh

Jerry L. Beane
Kay Lynn Brumbaugh
ANDREWS KURTH LLP
1717 Main Street, Suite 3700
Dallas, TX  75201
Tel:  214-659-4400
jerrybeane@andrewskurth.com
kaylynnbrumbaugh@andrewskurth.com

*Counsel for Defendant National
  Dairy Holdings, LP*

/s/ David E. Everson

David E. Everson
Daniel D. Crabtree
STINSON MORRISON HECKER LLP
1201 Walnut, Suite 2900
Kansas City, MO  64106
Tel:  913-344-6750 (Crabtree)
Tel:  816-842-8600 (Everson)
dcrabtree@stinson.com

*Counsel for Defendant Gary Hanman*

# CERTIFICATE OF SERVICE

I hereby certify that on July 18th, 2012, the PETITIONERS' SUPPLEMENT TO THEIR RULE 23(f) PETITION TO ADDRESS THE DISTRICT COURT'S SUPPLEMENTAL MEMORANDUM OPINION was filed electronically. Copies of the foregoing document will be served on all counsel of record via the Court's CM/ECF system.

/s/ Steven R. Kuney
Steven R. Kuney